UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MAURICE GRAYTON,<br><br>                    Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, et al.,<br><br>                    Defendants. | Case No.:  3:24-cv-02427-JAH-DDL<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, (ECF No. 2);**<br><br>**(2) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii);**<br><br>**(3) DENYING MOTION TO APPOINT COUNSEL, (ECF No. 3);**<br><br>**(4) DENYING MOTION TO ADMIT EXHIBITS, (ECF No. 4).** |

# INTRODUCTION

On December 23, 2024, Maurice Grayton ("Plaintiff"),[1] proceeding *pro se*, filed a complaint seeking injunctive and declaratory relief, as well as damages, against Martin O'Malley (the former Commissioner of the Social Security Administration) and eight other named defendants involved in the Social Security Administration's ("SSA") hiring and selection process (collectively, "Defendants"). *See* ECF No. 1 ("Complaint" or "Compl.") at 3, 38-40.[2] Plaintiff's Complaint is forty pages long and alleges nine causes of action related to the denial of his application for employment with the SSA. *See* Compl. Plaintiff failed to pay the required civil filing fees on time pursuant to 28 U.S.C. Section 1914(a). Instead, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. Section 1915(a). *See* ECF No. 2. Plaintiff subsequently filed a Motion to Appoint Counsel, (ECF No. 3), and Motion "Argumenting [sic] Exhibits Into the Record," (ECF No. 4), which the Court construes as a motion to admit exhibits. After a careful review of the Complaint, and for the reasons as set forth below, Plaintiff's sixth, seventh, and eighth causes of action are **DISMISSED with prejudice**, Plaintiff's remaining causes of action are **DISMISSED without prejudice and with leave to amend**, the Court **DENIES** Plaintiff's Motion to Appoint Counsel, and the Court **DENIES** Plaintiff's Motion to Admit Exhibits.

///

---

[1] Plaintiff has a history as a serial *pro se* litigant in this District. *See, e.g., Grayton v. Carroll*, 2021 WL 11560840, *1 (9th Cir. Sep. 16, 2021) (affirming the district court's denial of Plaintiff's motion to proceed *in forma pauperis* as frivolous); *Grayton v. State*, 2018 WL 7508651, *1 (9th Cir. Sep. 19, 2018) (same); *In re Perez*, 2023 WL 5011750, *1 (9th Cir. Aug. 7, 2023) (affirming the bankruptcy court's summary judgment imposing fines and damages against Plaintiff, who proceeded *pro se*); *Grayton v. United States*, 514 Fed.Appx. 645, 645-46 (9th Cir. 2013) (affirming summary judgment against Plaintiff's Title VII action alleging discriminatory hiring practices against multiple federal agencies).

[2] Unless otherwise stated, page numbers referenced herein refer to page numbers generated by the CM/ECF system.

## DISCUSSION

### I. Plaintiff's IFP Motion

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $455.[3] *See* 28 U.S.C. § 1914(a). However, pursuant to 28 U.S.C. Section 1915(a), if the plaintiff is granted leave to proceed IFP, he may proceed despite failure to pay the entire fee. *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). For a court to grant leave to proceed IFP, the plaintiff is required to submit an affidavit, including a statement of all their assets, showing his inability to pay the statutory fee. *See* 28 U.S.C. § 1915(a). The plaintiff need not be penniless to proceed IFP, rather the affidavit need only state the plaintiff cannot, "because of his poverty[,] pay or give security for costs … and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The determination of indigency is solely within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993).

In support of his motion, Plaintiff has submitted an application to proceed without paying fees or costs. *See* ECF No. 2. The application indicates Plaintiff is employed and receives a gross pay of $5,200 per month. *Id.* at 2. Plaintiff does not receive any income from real property, investments, retirement accounts, gifts, or alimony. *Id.* However, Plaintiff attests, on a monthly basis, he pays $2,500 in alimony and support payments, $1,900 in rent or mortgage, $380 in homeowner's or renter's insurance, and a myriad of other expenses totaling nearly $8,000 per month. *Id.* at 4-5. Additionally, Plaintiff claims

---

[3] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

he only has $5.11 in his Chase Checking account. *Id.* at 2.  While some of Plaintiff's asserted expenses appear unreasonable (e.g., $1,000 for clothing and $200 for laundry each month), the Court nevertheless finds Plaintiff has demonstrated enough disparity between his income and expenses to establish he cannot pay the statutory fee.  Accordingly, the Court **GRANTS** Plaintiff's motion for leave to proceed IFP.

## II.     Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

### A.     Standard of Review

Pursuant to 28 U.S.C. § 1915(a), a plaintiff who seeks leave to proceed IFP subjects their Complaint to *sua sponte* review, and mandatory dismissal, if the action or appeal "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 575 U.S. 532, 538 (2015) (pursuant to 28 U.S.C. § 1915(e)(2), the "court shall dismiss the case at any time if the court determines that… (B) the action or appeal… (ii) fails to state a claim on which relief may be granted"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (section 1915(e) "not only permits but requires, a district court to dismiss an in forma pauperis complaint that fails to state a claim").  "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Moreover, when—as here—the plaintiff is proceeding *pro se*, these pleading standards are even less stringent because "[a] document filed *pro se* is 'to be liberally construed[.]'"  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Rule 12(b)(6) challenges the sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A complaint may be dismissed as a matter of law because of a "lack of a cognizable legal theory or [] insufficient facts under a cognizable legal claim".  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law").  Although Rule 12(b)(6) does not require

detailed essential facts, it must plead sufficient facts that, if true, "raise a right to relief above speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). If the court finds a complaint fails to state a claim, the court should grant leave to amend, unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**B. Insufficiency of the Complaint**

**1. Plaintiff's Title VII Claims**

Plaintiff's first cause of action is for employment discrimination under Title VII. Compl. at 4. Plaintiff claims he was discriminated against on the basis of his age, race, sex, national origin, and disability when his application for a "Claim Representative" position at the SSA was rejected. *Id*. at 4-5. Plaintiff also asserts "Disparate Impact" as the basis for his ninth cause of action. *Id*. at 35.[4] Disparate impact claims fall under Title VII and are used to challenge "employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." *Pottenger v. Potlatch Corp.*, 329 F.3d 740, 749 (9th Cir. 2003). Therefore, the Court will address Plaintiff's ninth cause of action with his first cause of action as both fall under Title VII.

Title VII contains mandatory procedural rules, including "submit[ting] information to the EEOC and [waiting] a specified period before commencing a civil action." *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 551 (2019). One such mandatory rule is that the plaintiff may not bring a civil action under Title VII until the EEOC issues a notice of the right to sue. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973); *Learned v. City of Bellevue*, 860 F.2d 928, 931 (9th Cir. 1988) ("filing charges with the EEOC and

---

[4] In his ninth cause of action, Plaintiff also attempts to construe 5 C.F.R. Section 315.801 as giving him the right to a one-year probationary period in the available SSA position. Compl. at 37. However, Plaintiff is mistaken, and the probationary period is designed for employees who are given a career or career-conditional appointment. *See* 5 C.F.R. § 315.801.

receiving notice of the right-to-sue are jurisdictional prerequisites to filing suit in federal court").

Plaintiff alleges in the Complaint he demanded a "Right to Sue Letter" from the EEOC "on or about October 21, 2024." Compl. at 5. As of the day Plaintiff filed his Complaint, Plaintiff admits the EEOC "has not provided" him with one. *Id.*[5] Therefore, Plaintiff fails to state a cognizable legal theory for his Title VII claims because he has failed to meet its jurisdictional prerequisites. Accordingly, Plaintiff's Title VII claims are **DISMISSED without prejudice**. If Plaintiff chooses to file an Amended Complaint re-alleging his Title VII claims, Plaintiff must attach a copy of a Right-to-Sue-Letter from the EEOC.

**2. Plaintiff's Tort Claims**

Plaintiff's second cause of action is brought under the Federal Tort Claims Act ("FTCA"), though Plaintiff fails to specify what tort he is alleging. Compl. at 14. Additionally, Plaintiff's third cause of action is negligence, (*id.* at 16), his fourth cause of action is negligent hiring, (*id.* at 17), and his fifth cause of action is unlawful intrusion of privacy, (*id.* at 25). Defendants are all SSA employees, and the factual bases for Plaintiff's tort claims derive from his not being hired as a Claim Representative for the SSA. Therefore, it appears Plaintiff is suing Defendants in their official capacities as federal employees. Liberally construing the Complaint as Plaintiff is proceeding *pro se*, the Court construes all these claims to be brought under the FTCA, as they would otherwise be barred by sovereign immunity. *See S. Delta Water Agency v. U.S., Dep't of Interior, Bureau of*

---

[5] Plaintiff completed a standard Request for Appointment of Counsel form, which included the declaration: "A copy of the Notice-of-Right-to-Sue-Letter I received from the [EEOC] is attached to the complaint[.]" ECF No. 3 at 1. However, no such letter is attached to the Complaint. *See* Compl. Likewise, the letter cannot be found amongst the exhibits attached to Plaintiff's Motion to Admit Exhibits. *See* ECF No. 4. Indeed, in Plaintiff's Request for Appointment of Counsel, Plaintiff was prompted to check "yes" or "no" as to whether the Notice-of-Right-to-Sue-Letter shows the EEOC found "no reasonable cause" to believe the allegations. ECF No. 3 at 1. Plaintiff left both boxes blank. *Id.*

1  *Reclamation*, 767 F.2d 531, 536 (9th Cir. 1985) (holding sovereign immunity shields
2  "federal employees acting in their official capacities within their authority" from suit).
3        "Absent a waiver, sovereign immunity shields the Federal Government and its
4  agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 474 (1994). However, the FTCA
5  represents a waiver by which an individual may bring a tort action for damages against the
6  federal government. *Foster v. United States*, 522 F.3d 1071, 1074 (9th Cir. 2008); *see also*
7  28 U.S.C. § 1346(b). Under the FTCA, the United States is only liable for tortious acts by
8  its employees where the United States, if a private person, "would be liable to the claimant
9  in accordance with the law of the place where the act or commission occurred." *Richards*
10 *v. United States*, 369 U.S. 1, 2 (1962). Thus, the United States is liable under the FTCA
11 "in the same manner and to the same extent as a private individual under like
12 circumstances." 28 U.S.C. § 2674.
13       The FTCA requires plaintiffs to first present their claims to the appropriate federal
14 agency. 28 U.S.C. § 2675(a). The Ninth Circuit has made clear that the FTCA's
15 "exhaustion requirement is jurisdictional in nature and must be interpreted strictly." *Vacek*
16 *v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). "A claim is deemed presented
17 for purposes of § 2675(a) when a party files '(1) a written statement sufficiently describing
18 the injury to enable the agency to begin its own investigation, and (2) a sum certain
19 damages claim.'" *Blair v. I.R.S.*, 304 F.3d 861, 864 (9th Cir. 2002) (quoting *Warren v.*
20 *U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984) (en banc)).
21       To bring an FTCA action, Plaintiff must have first filed a written claim for money
22 damages with the appropriate federal agency. *See* 28 U.S.C. § 2675. The Court can
23 construe four events in which Plaintiff sought an administrative remedy related to his
24 claims based on his allegations in the Complaint: (1) on or about July 8, 2016, Plaintiff
25 filed a complaint with the EEOC, (Compl. at 14); (2) on or about September 14, 2016,
26 Plaintiff filed a complaint with the "Merit Systems Protection Board" regarding Defendant
27 Washington, (*id.* at 6); (3) on or about September 9, 2022, Plaintiff filed an appeal with the
28 EEOC after the SSA issued its final decision concerning his "equal employment

opportunity (EEO) complaint," (*id.* at 14); and, (4) on or about October 21, 2024, Plaintiff demanded a "Right to Sue Letter" from the EEOC, (*id.* at 5).  None of the aforementioned events describe Plaintiff seeking an administrative remedy for tortious conduct, let alone a "sum certain damages claim."  Rather, these complaints relate to Plaintiff's employment discrimination claim.  Therefore, Plaintiff has failed to allege facts to demonstrate he properly presented his claim to the appropriate federal agency and exhausted his administrative remedies.

Regardless, even if Plaintiff had properly exhausted his administrative remedies, "the United States is the only proper defendant in an FTCA action." *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998); *United States v. Gilman*, 347 U.S. 507, 509 (1954).  However, Plaintiff has not named the United States as a defendant.  Therefore, his claims under the FTCA are **DISMISSED without prejudice**.  If Plaintiff chooses to file an Amended Complaint re-alleging claims under the FTCA, Plaintiff must:  (1) allege he submitted a written statement describing a tortious injury to the appropriate federal agency, alleging sum certain damages; and, (2) add the United States as a defendant.

### 3. Plaintiff's Claim for Violation of his 14th Amendment Rights

Plaintiff's sixth cause of action alleges a violation of his due process rights under the Fourteenth Amendment.  Compl. at 29.  Plaintiff's eighth cause of action is brought under 42 U.S.C. Section 1983, also for a violation of his constitutional rights under the Fourteenth Amendment.  *Id.* at 33-34.  No direct cause of action exists under the Constitution, therefore, a litigant complaining of a constitutional violation must sue under 42 U.S.C. § 1983.  *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001); *see also Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992).  As such, the Court will construe Plaintiff's sixth and eighth causes of action as one cause of action.

The Due Process Clause of the Fourteenth Amendment states "[no] State shall … deprive any person of life, liberty, or property, without due process of law." U.S. Const., Amend. XIV § 1.  To properly assert a Fourteenth Amendment due process claim, a plaintiff must demonstrate he was deprived of a liberty or property interest, and that

deprivation occurred without constitutionally sufficient procedural safeguards. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).

Individuals cannot have a property interest in a prospective government job. *Johnson v. New York City Police Dept.*, 25 Fed.Appx. 32, 33 (2d Cir. 2001). Additionally, an individual typically will not have a liberty interest in a prospective government job unless the government's decision not to hire that individual "effectively prohibits [him] from engaging in a profession, or pursuing any job in a given field [so] that there is a deprivation entitled to protection." *Kosinski v. Conn. State Dept. of Educ.*, 2011 WL 1134236, *5 (D. Conn. Mar. 24, 2011) (quoting *Cityspec, Inc. v. Smith*, 617 F.Supp.2d 161, 169 (E.D.N.Y. 2009)); *see also Wu v. Thomas*, 847 F.2d 1480, 1485 (11th Cir. 1988) (holding there is no liberty or property interest in a prospective promotion). It is possible that a liberty interest may be implicated where the government imposes a stigma on the rejected applicant, which "seriously damage[d] [his] reputation or significantly foreclose[d] his freedom to take advantage of future employment opportunities." *Hyland v. Wonder*, 972 F.2d 1129, 1141 (9th Cir. 1992). However, to succeed on a "stigma-plus" claim, Plaintiff would need to demonstrate:  "(1) the public disclosure of a stigmatizing statement by a state actor; (2) the accuracy of which is contested; (3) plus the denial of some more tangible interest." *Chaudhry v. Aragon*, 68 F.4th 1161, 1171 (9th Cir. 2023); *see, e.g., Companelli v. Bockrat*, 100 F.3d 1476, 1477 (9th Cir. 1996) (where the Ninth Circuit found UC Berkley's former head basketball coach had "a fair chance of proving" a stigma after articles reported he was fired for engaging in "profane and abusive" conduct).

Here, Plaintiff fails to clearly allege facts that would indicate Defendants publicly disclosed any statement, let alone a stigmatizing one. It appears Plaintiff is attempting to assert his property or liberty interest was in the specific Claims Reporter position at the SSA, not his prospects of future employment outside the SSA. The former alleged liberty interest simply does not exist. *The Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 575 (1972) (where a teacher serving a one-year contract at a public university was not rehired the following school year, the Court found:  "It stretches the concept too far to

suggest that a person is deprived of 'liberty' when he simply is not rehired in one job but remains as free as before to seek another"). Accordingly, Plaintiff fails to state a legally cognizable claim for due process violations under the Fourteenth Amendment and this claim is subject to dismissal. Furthermore, because Plaintiff does not have a property or liberty interest in the prospective SSA job, the Court finds Plaintiff's 42 U.S.C. Section 1983 claims cannot possibly be cured and are, therefore, **DISSMISSED with prejudice**.

### 4. Plaintiff's Claim Under 42 U.S.C. § 1985

Plaintiff brings a seventh cause of action under 42 U.S.C. Section 1985(3) for conspiracy to interfere with Plaintiff's civil rights under the Fourteenth Amendment. Compl. at 31-32. This cause of action requires Plaintiff to demonstrate: "(1) a conspiracy, (2) to deprive [him] of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980).

Plaintiff claims Defendants conspired to interfere with his Fourteenth Amendment right to not be deprived of life, liberty, or property without due process of law. Compl. at 32. As discussed *supra* II.B.3, Plaintiff has failed to demonstrate he was deprived of any right or privilege under the Fourteenth Amendment. Moreover, Plaintiff fails to articulate an act in furtherance of the conspiracy but rather conclusively states: "[D]efendants each and every one of them maliciously, oppressively and despicably conspired and exceeded the legal statutory and procedural authority conferred upon them[.]" Compl. at 32. Furthermore, Plaintiff fails to articulate any personal injury or property damage. Accordingly, Plaintiff fails to allege a legally cognizable claim for conspiracy to interfere with civil rights, and Plaintiff's seventh cause of action is subject to dismissal. Because Plaintiff's seventh cause of action depends on the same incurable Fourteenth Amendment claim discussed *supra* II.B.3, Plaintiff's seventh cause of action is likewise **DISMISSED with prejudice**.


### C. Plaintiff's Motion to Appoint Counsel

"There is no constitutional right to appointed counsel for employment discrimination claims, [citation], and the trial court's discretion under § 2000e-5(f)(1) in determining whether counsel should be appointed is broad[.]" *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The district court considers three factors when determining whether appointment of counsel is appropriate: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his own; and (3) the meritoriousness of plaintiff's claim." *Id.*

As discussed *supra* I, Plaintiff has established an inability to afford counsel. However, as demonstrated by the Complaint's insufficiencies to survive *sua sponte* screening, *supra* II, there are serious questions as to the meritoriousness of Plaintiff's claims. Furthermore, the Court does not find that the claims alleged are particularly complex so as to necessitate the appointment of counsel in the interests of justice. Accordingly, Plaintiff's Motion to Appoint Counsel is **DENIED without prejudice**.

### III. Plaintiff's Motion to Admit Exhibits

Finally, Plaintiff's "Motion Argumenting [sic] Exhibits Into the Record" asks the Court to "review, consider and enter into the evidence in the presence of the jury." ECF No. 4 at 1. Attached to Plaintiff's Motion are 47 pages of exhibits. *Id.* at 3-50. Because the Court has dismissed Plaintiff's Complaint, Plaintiff's Motion is moot. However, should Plaintiff choose to file an Amended Complaint, Plaintiff is free to attach whatever exhibits he deems appropriate at that time.

### CONCLUSION

For all the reasons discussed above, IT IS HEREBY ORDERED:

1. Plaintiff's Motion for Leave to Proceed IFP, pursuant to 28 U.S.C. § 1915(e), is **GRANTED**. ECF No. 2.
2. Plaintiff's sixth, seventh, and eighth causes of action are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff's

Fourteenth Amendment claims are dismissed *with prejudice*, Plaintiff cannot re-allege those claims if he chooses to file an Amended Complaint.

3. Plaintiff's first, second, third, fourth, fifth, and ninth causes of action are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff's Title VII and FTCA claims are dismissed *without prejudice*, Plaintiff has an opportunity to cure these claims and file an Amended Complaint. However, the Court's grant of leave to amend neither requires nor suggests that Plaintiff file an Amended Complaint. Plaintiff may choose to not refile, in which case this action will be dismissed without further order of the Court.

4. The Court **GRANTS** Plaintiff till April 7, 2025, to file an Amended Complaint which cures the deficiencies of the pleading described herein. Plaintiff is cautioned, however, that should he choose to file an Amended Complaint, it must be complete by itself, comply with the Federal Rules of Civil Procedure, including Rule 8(a), and that any claim not re-alleged will be considered waived. *See* S.D. Cal. Civ.L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original"); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be considered "waived if not repled"). A failure to file an Amended Complaint will result in dismissal of this action without further order of the Court.

5. Plaintiff's Motion for Appointment of Counsel is **DENIED**. ECF No. 3.

6. Plaintiff's Motion to Admit Exhibits is **DENIED**. ECF No. 4.

**IT IS SO ORDERED.**

DATED: February 25, 2025

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE